UNITED STATES of America, Plaintiff—Appellee,

v.

**Titus GRAVES, Defendant—Appellant.**

No. 00–50224.
D.C. No. CR–99–01050–WJR–1.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Dec. 12, 2001.

Before BROWNING, REINHARDT and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM *

Graves was found guilty of one count of unauthorized use of an "access device" to obtain something of value in violation of 18 U.S.C. § 1029(a)(2) and one count of attempted unauthorized use of an access device to obtain something of value in viola-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion of 18 U.S.C. § 1029(b)(1). He appeals his conviction on three grounds.

First, we reject Graves's argument that there was insufficient evidence to support his convictions. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Deeb,* 175 F.3d 1163, 1168 (9th Cir.1999). The government adduced sufficient evidence from which a reasonable juror could have inferred beyond a reasonable doubt that Graves personally used unauthorized credit cards to purchase airline tickets, which he subsequently sold for personal profit.

Second, Graves alleges that he was denied his right to a fair trial because the government failed to grant use immunity to the informant involved in the case. Again, we reject Graves's contention. Although the trial court failed to hold an evidentiary hearing on this claim, we hold that its failure to do so does not constitute reversible error. *See United States v. Young,* 86 F.3d 944, 947 (9th Cir.1996). The testimony sought by Graves was relevant; however, even if supported by evidence, Graves's contention would not justify the conclusion that "the government distorted the judicial fact-finding process by denying immunity to the potential witness." *United States v. Westerdahl,* 945 F.2d 1083, 1086 (9th Cir.1991).

Finally, Graves argues that his counsel provided ineffective assistance because he failed to strike a potential juror. An ineffective assistance claim may be raised on direct appeal when the record is sufficiently developed to permit review or when trial counsel's error obviously deprived the defendant of his Sixth Amendment right to counsel. *United States v. Davis,* 36 F.3d 1424, 1433 (9th Cir.1994). Here, the rec-ord is sufficiently developed to permit review of the claim; however, it does not reflect that Graves's counsel's failure to strike the juror reflected an error in judgment, let alone that counsel's performance fell below an objective standard of reasonableness. *See Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, Graves has not shown that he received ineffective assistance of counsel. *See Denham v. Deeds,* 954 F.2d 1501, 1505 (9th Cir.1992).

AFFIRMED.